KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtors*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Dawn Kirby, Esq.
dkirby@kacllp.com
Jessica M. Hill, Esq.
jhill@kacllp.com

*Hearing Date: June 25, 2024*
*Hearing Time: 8:59 a.m.*
*Via Zoom for Government*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

CRAIG A. FOSTER *aka* DR. CRAIG A. FOSTER
and BLAKE P. FOSTER,

            Debtors.
-------------------------------------------------------------X

Chapter 13
Case No. 23-35471 (CGM)

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEYS FOR THE DEBTORS
PURSUANT TO 11 U.S.C. §330 AND 11 U.S.C. §503(a)**

**TO: HONORABLE CECELIA G. MORRIS,
   UNITED STATES BANKRUPTCY JUDGE:**

  Kirby Aisner & Curley LLP ("**Applicant**") attorneys for the above captioned Chapter 13 debtors, Craig A. Foster *aka* Dr. Craig A. Foster and Blake P. Foster (the "**Debtors**"), hereby submits this application seeking approval of professional fees pursuant to Bankruptcy Code Sections 330 and 503(a), covering services rendered by the Applicant to the Debtor from June 7, 2023 through May 15, 2024, plus necessary and reasonable disbursements incurred during the same period of time. In support of this Application, the Applicant respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §§330 and 503(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., (the "**Bankruptcy Code**"), and Rule 3007(d)(6) and (8) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On June 7, 2023 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "**Chapter 13 Case**").

5. Thereafter the instant proceeding was referred to your Honor for administration under the Code.

6. Thomas C. Frost was duly appointed and qualified as Chapter 13 Trustee in this proceeding (the "**Chapter 13 Trustee**").

7. The Debtors are the owners of their residence located at 11 Brown Road, Pleasant Valley, New York 12569, Dutchess County (the "**Pleasant Valley Property**").

8. Additionally, debtor Craig A. Foster ("**Dr. Foster**") is the owner of two cooperative units located at 850 Park Avenue, Units 1A and 1F, New York, New York (the "**NYC Property**").

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

9. On or about June 5, 2023, the Debtors entered into a written agreement whereby he consented to retain Applicant to file their Chapter 13 Case and provide certain limited necessary services in connection therewith, for a fee of $6,840.00[1], which was paid prior to filing this Chapter

---
[1] Which included the $313 filing fee & $70 credit report fee.

13 Case. Excluded from the flat fee was "[p]reparation and filing of responses to all motions filed against the [Debtors]", "[r]epresenting the [Debtors] in connection with a motion for relief from the automatic stay", "[r]epresenting the [Debtors] in connection with a motion for relief from the automatic stay which is resolved by agreement", "[p]reparation and filing of all motions required to protect [Debtors] interests, including In re Pond lien stripping motion; Section 522(f) lien stripping motion, Section 363 Sale motion …..", and "[r]epresenting the [Debtors] in connection with a motion by the Chapter 13 Trustee seeking dismissal of the case." *See* Disclosure of Compensation of Attorney for Debtor, ¶s 6(1), (5), (6), (7) and (8), respectively, attached as Exhibit A.

## APPLICATION FOR FEES

10. Applicant has acted as legal counsel to the Debtors and has performed all of the necessary professional legal services in connection with the Debtors' Chapter 13 case. As set forth in the Retainer Agreement[2] between the Debtors and Applicant, additional non-base legal services for excluded services were agreed to be paid to Applicant on an hourly basis, subject to Bankruptcy Court approval.

11. Applicant has performed actual and necessary services which were crucial to the effective representation of the Debtors.

I. **Motion for Relief (Pleasant Valley Property)**

12. On October 31, 2023, Specialized Loan Servicing LLC as servicer for The Bank of New York Mellon, f/k/a The Bank of New York, Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investors filed a Motion for Relief From Stay against the Pleasant Valley Property (the "**Pleasant Valley MRS**") [ECF No. 46].

---

[2] The Retainer Agreement is privileged attorney client communication. A copy of the Retainer Agreement may be made available to Court, Office of the U.S. Trustee, and Chapter 13 Trustee only, upon request.

13. On November 28, 2023, Applicant filed on behalf of the Debtors an Opposition to the Pleasant Valley MRS ("**Pleasant Valley Opposition**") [ECF No. 48].

14. Applicant appeared at numerous hearings on the Pleasant Valley MRS and Pleasant Valley Opposition.

15. Ultimately, the Pleasant Valley MRS was granted, and on May 20, 2024, an Order was entered granting the Pleasant Valley MRS [ECF No. 124].

## II. Motion for Relief (NYC Property)

16. On January 11, 2024, Park Avenue and Seventy-Seventh Street Corporation (the "**Corporation**") filed a Motion for Relief From Stay against the NYC Property (the "**NYC MRS**") [ECF No. 66].

17. On January 23, 2024, Applicant filed on behalf of the Debtors an Opposition to the NYC MRS ("**NYC Opposition**") [ECF No. 69].

18. On January 29, 2024, the Corporation filed a Reply in Support of the NYC MRS [ECF No. 70].

19. On February 21, 2024, the Corporation filed a Supplemental Declaration of Daniel Wollman in Support of the NYC MRS [ECF No. 81].

20. Applicant appeared at numerous hearings on the NYC MRS and NYC Opposition.

21. Applicant assisted the Debtors in negotiations with the Corporation, and ultimately resolved the NYC MRS by entering into a Stipulation in Resolution of the NYC MRS (the "**Stipulation**") [ECF No. 109]. On March 22, 2024, the Stipulation was entered by the Court [ECF No. 110].

### III. Motion to Avoid Judgment Lien

22. Applicant filed on behalf of the Debtors, a Motion to Avoid the Judgment Lien of Brett Langbert under Section 522(f) of the Bankruptcy Code (the "**522(f) Motion**") [ECF No. 22].

23. On August 23, 2023, an Order Approving the 522(f) Motion was entered [ECF No. 32].

### IV. The Debtor's Professionals

24. On October 20, 2023, Applicant filed on behalf of the Debtor, an Application to Employ Skyler Realty LLC ("**Broker**"), as real estate broker to the Debtors in connection with the Sale of the Debtors' Pleasant Valley Property (the "**Broker Retention Application**") [ECF No. 38].

25. On November 16, 2023, an Order Approving the Broker Retention Application was entered [ECF No. 47].

### V. Chapter 13 Trustee's Motion to Dismiss

26. On October 11, 2023, the Chapter 13 Trustee filed a Motion to Dismiss the Debtor's Chapter 13 Case (the "**Motion to Dismiss**") [ECF No. 37].

27. On December 7, 2023, Applicant filed on behalf of the Debtors an Opposition to the Motion to Dismiss [ECF No. 50].

### VI. Summary of Time Records

28. Between the Petition Date and the date of this motion, the Applicant has devoted **49.6** hours of billable time to excluded services for a total of $14,129.50 in legal fees and $99.46 in expenses. Applicant's standard time fees for consumer debtor matters are: $350.00 per hour for partner time, $295.00 per hour for associate time, and $150.00 per hour for paralegal time. A summary of the time records are annexed hereto as Exhibit B.

29. Consideration of the factors set forth in Section 330(a)(3)(A) of the Bankruptcy Code shows that the requested fee is appropriate. The services provided were necessary to the successful administration of the case to date. A review of the time records shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed. Applicant's rates are no higher than that charged by other attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters, and no higher than rates charged to other clients of the undersigned Applicant. In fact, Applicant's usual billing rates range from $450-550 per hour for partners, but Applicant has reduced its partner billing rate to $350 per hour on this matter.

30. Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their client's interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

31. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Applicants believe that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

**NOTICE**

32. The Motion is being served upon: (i) the Debtors, (ii) the Chapter 13 Trustee, (iii) the Office of the United States Trustee, and (iv) all parties filing notice of appearance. Applicant submits that such service is good and sufficient notice, as required by Bankruptcy Rules and Local Bankruptcy Rule 9013-1(c).

**CONCLUSION**

33. Applicant respectfully asks the Court to note that the amount of compensation requested by it is most reasonable in light of the services performed and the beneficial results obtained to date.

34. No agreement prohibited by 18 U.S.C. §155 has been made heretofore.

**WHEREFORE**, the Applicant requests that it be granted allowance for compensation for professional services rendered, as set forth in this Application, to this Applicant in the sum of **$14,129.50** and necessary out-of-pocket expenses incurred in the sum of **$99.46**, together with such other and further relief as is just, proper and equitable under the circumstances.

Dated: Scarsdale, New York
        May 31, 2024

                            KIRBY AISNER & CURLEY LLP
                            *Attorneys for the Debtors*
                            700 Post Road, Suite 237
                            Scarsdale, New York 10583
                            Tel: (914) 401-9500
                            dkirby@kacllp.com

                            By: */s/ Dawn Kirby*
                                Dawn Kirby